UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

          PLAINTIFF,          CRIM. NO.  25-20842

-vs-

                                Hon. Mark A. Goldsmith

D-1 MOHMED ALI,

          DEFENDANT,

---

## MOTION TO REVOKE ORDER OF DETENTION

---

Defendant Mohmed Ali, through counsel James Gerometta and Ryan Machasic, moves this Court to enter an Order revoking the consent order of detention and granting Mr. Ali bond with certain conditions.

The Government does not concur in the relief requested.

**BRIEF IN SUPPORT OF MOTION
TO REVOKE ORDER OF DETENTION**

I.

INTRODUCTION

Mohmed Ali is a 21-year-old male who is a lifelong resident of Dearborn, Michigan. He is the oldest of five brothers and lives in a modest home with his parents and siblings. His two youngest brothers, ages 10 and 12, have been diagnosed with autism spectrum disorder. Mr. Ali is a home health aide and caregiver to his youngest brother who is non-verbal. He also assists his father in his auto shop.

Mr. Ali's family is religious but not extreme. He is practicing Muslim and has traveled to Saudi Arabia twice on pilgrimage. As happens in immigrant families, Mr. Ali grew up speaking English and Arabic. His schooling was entirely in English. This has resulted in his Arabic being somewhat colloquial and unpolished. Because understanding Arabic is necessary to read and study the Quran, he traveled to Egypt twice to study classical Arabic.

Like many young men his age, Mr. Ali spent a lot of time online; watching "reels" or short video snippets, and video gaming. He also enjoys cars, specifically

2

fast cars. Much of his time at his father's auto shop was spent looking for, repairing, driving, and then listing sports cars for sale.

Mr. Ali's typical life came to a halt when he was arrested on charges of conspiracy to provide material support for terrorism and conspiracy to transfer firearms and ammunition knowing they would be used to commit a federal crime of terrorism. Mr. Ali made his initial appearance in federal court on November 3, 2025. On November 10, 2025, he consented to detention.

Mr. Ali now requests that the Court vacate that consent order of detention and grant him bond.

## II.

Because Mr. Ali is charged with a federal crime of terrorism, a presumption in favor of detention applies. 18 U.S.C. § 3142(e)(3). A defendant's burden to overcome this presumption is "not heavy," and they must only present some evidence that they are not a danger or risk of flight to overcome the presumption. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Once the presumption is overcome, the government must prove by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of the community or prove by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure the defendant's appearance in court. 18 U.S.C. § 3142(g).

3

III.

ARGUMENT

Mr. Ali is a young man with a supportive family. He cares for his disabled brother and works at his father's auto shop. He has no criminal history, and the government does not allege that he committed any violent acts. They only allege that he talked about violent activity. Mr. Ali's stable home life and complete lack of criminal history or violent history overcome the presumption of detention in this case and shift the burden to the government to prove either a risk of flight or danger to the community.[1]   The burden of overcoming the presumption "is not heavy", *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).   Even in presumption cases, the burden of persuasion is always with the government when is seeks detention. *Id*.   Once that light burden is met, where the detention is based on danger to the community, the government must produce clear and convincing evidence that no combination of conditions can ensure the safety of the community.   18 USC §3142(f).

The Pretrial Services Report found some factors that supported a risk of non-appearance. However, they believed that conditions could be imposed to minimize this risk and did not recommend detention on this basis. Specifically, the report found that Mr. Ali posed some risk of non-appearance due to: (1) his possession of

---

[1] "Because the district court found there was probable cause to believe Bustamante committed an offense for which a term of imprisonment of 10 or more years is prescribed, a rebuttable presumption arises that no conditions assure his appearance in court and the safety of the community. But Bustamante overcame this presumption by producing evidence of his lack of criminal history, his permanent resident status in the U.S., and his family ties to the U.S." *United States v. Bustamante-Conchas*, 557 F. App'x 803, 805–06 (10th Cir. 2014), citing *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991)(per curiam).

4

travel documents; (2) his prior overseas travel; (3) his cash assets; and (4) his "unknown ties."

Most of these risk factors can be neutralized by having Mr. Ali turn in any travel documents not already seized by the FBI. Additionally, the FBI has already seized the money in Mr. Ali's bank account. This leaves only Mr. Ali's "unknown ties." Because these ties remain unknown even to Mr. Ali, he cannot address them at this time. This speculation about potential ties, unsupported by evidence, is not a sufficient basis upon which to detain Mr. Ali.

The Pretrial Service Report did recommend detention based on a danger to the community. Specifically, the report found that Mr. Ali presented a danger because of: (1) the nature of the offense; (2) his criminal associates; (3) his alleged extremism; (4) his weapons ownership; and (5) the risk he posed to the safety of the community.

This is not a case where the defendant's past actions demonstrate a propensity for violence. The first, third, and fifth factors cited by the government all rely on the Court adopting the government's allegations as true. Without some presentation to support the allegations in the indictment, this cannot be a sufficient basis for detention.

Mr. Ali has no criminal associates. It appears the report is referencing his co-defendants, none of whom have pled guilty and all of whom are presumed innocent. Like the nature of the offense, this factor relies on adopting the government's allegations as true before they have faced any adversarial testing. Finally, Mr. Ali's

firearms have been seized by the government and are no longer accessible to him. This should not be a determinative factor.

As noted above, Mr. Ali is not alleged to have participated in any violent activity. The government alleges he talked about violent activity. The government speculates that his actions were more than mere talk, that they constituted planning a violent attack. This is an easy allegation to make, and a mere allegation should not result in Mr. Ali's prolonged detention. He has already been detained for nine months. Before his detention is allowed to continue, the government should present credible evidence to support its claims that Mr. Ali poses a risk to the community.

While the federal rules allow the government to proceed by proffer at a detention hearing, the district court has discretion to require testimony. *Stone*, 608 F.3d at 948. If a court is dissatisfied with the government's proffer, it may insist on a production of evidence supporting the proffer or live testimony. See *United States v. Gaviria,* 828 F.2d 667, 669-670 (11th Cir. 1987). The evidence of Mr. Ali's danger rests completely on the government's allegations in the indictment. They should not be allowed to simply re-proffer those allegations at a detention hearing. The Court should require a presentation of evidence or testimony to support those allegations before relying on them to impose a lengthy period of pretrial detention.

IV.

CONCLUSION

For all the above reasons, this Court should enter an order granting Mr. Ali

bond with appropriate conditions to be set at hearing.

/s James R. Gerometta
Mogill, Lemanski & Gerometta, PLLC
27 E. Flint St., Suite 2
Lake Orion, MI 48362
313-530-9505
james@geromettalaw.com

/s/ Ryan Machasic
Ryan H. Machasic, PC
1221 Bowers St.
#910
Birmingham, MI 48012

Dated: August 12, 2026

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will notify the parties of record of such filing.

Signed,

s/James R. Gerometta

Dated:  August 12, 2026

1