UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Case No. 25-cr-20842

v.

Hon. Mark A. Goldsmith

D-1 Mohmed Ali,
D-2 Majed Mahmoud,
D-3 Ayob Nasser,

Defendants.
______________________________/

**STIPULATION TO CONTINUE TRIAL AND OTHER DEADLINES AND FIND EXCLUDABLE DELAY**

The parties stipulate to continue trial in this case until May 4, 2027, and to continue other deadlines pursuant to 18 U.S.C. § 3161(h)(7)(A), as set forth below. The parties further stipulate, and jointly move for the Court to find, that the time period from the date of this filing to the new trial date of May 4, 2027, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendants in a speedy trial.

The charges in this case resulted from an investigation by the FBI that spanned over months and involved the Defendants and a number

of co-conspirators and associates. The parties described more background about this investigation and the voluminous discovery in their December 15, 2025, stipulation for a continuance and incorporate those statements and Court findings here. The parties reiterate that the Government's evidence in this case is complex. The Government has made eight productions in this case—more than 20,000 pages of written product alone—and anticipates discovery of currently available information being substantially complete by the end of August 2026. Additional time is needed for the Defendants to review the discovery, plan case strategy, consider plea negotiations, and prepare for trial.

Further, the parties are currently engaged in pretrial litigation and need additional time to resolve pretrial motions. For example, the Defendants filed motions to suppress FISA materials (ECF Nos. 39, 49, 50) that are pending. The Defendants anticipate filing more substantive motions.

Given these and other related considerations, the parties agree that the Court's adjournment of the trial currently set for August 5, 2026, (ECF No. 60), was appropriate. The parties had two conferences with the Court to review calendars and pick a new trial date, based on

the consideration above as well as the Court and defense counsel calendars, and the parties all agree that May 4, 2027, is an appropriate trial date. Therefore, the parties ask that the Court adjourn the trial in this case to May 4, 2027.

The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The parties submit that the time limit set forth in the Speedy Trial Act will not allow for the reasonable time necessary for effective preparation, and that such pretrial preparation will substantially shorten the time necessary for trial, serving the interests of judicial economy. Moreover, due to the complexity of this case, continuing trial and other associated dates outside of the time limit set forth in the Speedy Trial Act will serve the ends of justice and will outweigh the interests of the public and the Defendants in a speedy trial. As the parties previously stipulated and the Court approved with respect to the Defendants' FISA-related motion, the ordinary time limit set forth in the Speedy Trial Act does

not provide sufficient time for the parties and the Court to address that motion.

Accordingly, the parties respectfully request that the Court set trial to commence on May 4, 2027. The parties agree on and ask the Court to set the following stipulated pretrial deadlines and dates:

- All substantive motions due by December 31, 2026
- Plea Cut-Off – March 2, 2027
- Pretrial Conference and *Lafler* hearing – March 2, 2027
- *Motions in limine* due March 4, 2027
- Trial – May 4, 2027

The parties also respectfully request that the Court find excludable delay from the date of this Order through the new trial date of May 4, 2027, based on a finding that a failure to grant a continuance beyond the time limits set forth in the Speedy Trial Act would deny the

parties reasonable time necessary for effective pretrial preparation.

IT IS SO STIPULATED.

Respectfully submitted,

*s/Hank Moon*
Hank Moon
Erin L. Ramamurthy
Douglas C. Salzenstein
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0220
Hank.Moon@usdoj.gov

*s/John Cella*
Trial Attorney
National Security Division
Counterterrorism Section
950 Pennsylvania Ave NW
Washington, DC 20530
(202) 305-1601
John.Cella@usdoj.gov

*s/Jim Gerometta (w/consent)*
James R. Gerometta
Ryan H. Machasic
Attorneys for Mohmed Ali
27 E. Flint St Suite 2
Lake Orion, MI 48362
313-530-9505
jgerometta@miethicslaw.com

*s/R. Burton-Harris (w/consent)*
William W. Swor
Robert Burton-Harris
Attorneys for Majed Mahmoud
500 Griswold Street, Suite 2450
Detroit, MI 48226
(313) 967-0200
wwswor@wwnet.net

*s/James Thomas (w/consent)*
James C. Thomas
Michael C. Naughton
Attorneys for Ayob Nasser
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000
Email: jthomas@orlaw.com

Dated: August 12, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Case No. 25-cr-20842

v.

Hon. Mark A. Goldsmith

D-1 Mohmed Ali,
D-2 Majed Mahmoud,
D-3 Ayob Nasser,

Defendants.
_____________________________/

**ORDER CONTINUING TRIAL AND OTHER DEADLINES AND FINDING EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue the trial date and other deadlines, and for a finding that the time period until May 4, 2027, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendants in a speedy trial. For the reasons described in the parties' submission and ECF No. 60, incorporated by reference herein, and after considering the factors listed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the Defendants

in a speedy trial and that the time until May 4, 2027, qualifies as excludable delay. Specifically, the Court finds that:

On October 31, 2025, Defendants Mohmed Ali ("Ali") and Majed Mahmoud ("Mahmoud") were arrested and on November 1, 2025, both were charged in a criminal complaint alleging violations of 18 U.S.C. § 924(h). On November 5, 2025, the Government filed an amended criminal complaint charging Ali, Mahmoud, and Ayob Nasser ("Nasser") with violations of 18 U.S.C. §§ 924(h) and 2339B. The Defendants all waived their right to a detention hearing and consented to remain in detention on November 10, 2025. *See* ECF Nos. 33 (Ali), 34 (Nasser), 35 (Mahmoud). However, the Court notes that Defendant Nasser recently filed a motion for bond that the Court will address in due course.

On November 12, 2025, Ali, Mahmoud, and Nasser were indicted with one count of conspiring to provide material support and resources to a designated foreign terrorist organization, namely ISIS, in violation of 18 U.S.C. § 2339B (Count One), and one count of conspiring to receive and transfer firearms and ammunition knowing and having reasonable cause to believe that the firearms and ammunition would be used to

commit a Federal crime of terrorism, in violation of 18 U.S.C. § 924(h) (Count Two). The Defendants were arraigned on November 17, 2025.

On November 6, 2025, the Government filed a Notice of Intent to Use Foreign Intelligence Act ("FISA") Information (ECF No. 24), and on November 17, 2025, Nasser filed a Motion to Disclose and Suppress FISA Materials (ECF No. 39), which Ali moved to join on November 19, 2025 (ECF No. 49), and which Mahmoud moved to join on November 20, 2025 (ECF No. 50). The Court approved the parties' stipulated order for sufficient time, until April 6, 2026, for the Government to respond to the Defendants' FISA-related motion, a response which will include certain classified documents for the Court's *in camera, ex parte* review. (ECF No. 55). The time between the Defendants' filing of the FISA-related motion and the Court's disposition of that motion are excluded from the time limits set forth in the Speedy Trial Act. *See* ECF No. 55, PageID.257-58; 18 U.S.C. § 3161(h)(1)(D).

The Government and the Defendants have also entered into a stipulated protective order to address discovery, which includes declassified but sensitive information. ECF No. 57.

On December 1, 2025, the Court entered a scheduling order setting trial for January 20, 2026; the final pretrial conference for January 5, 2026; the plea hearing/cut-off deadline for January 6, 2026; and a motions deadline of December 8, 2025. ECF No. 54.

On December 4, 2025, the Government filed a Notice Pursuant to 18 U.S.C. App. III (the Classified Information Procedures Act or "CIPA") to apprise the Court of CIPA's applicability to matters relating to classified information that may arise in connection with the case, both before and during trial. ECF No. 58. The motion also requested that the Court designate a Classified Information Security Officer ("CISO") to assist the Court (and court personnel) in the handling of any motions, pleadings, and orders related to classified information at issue in this prosecution.

On December 15, 2025, the Court Ordered that the trial date be continued to August 5, 2026, based on a stipulation by the parties—all Defendants and the Government. ECF No. 60.

In accordance with that stipulated trial scheduling order and a subsequent stipulation, *see* ECF Nos. 60 and 102, the Government filed

a classified, *ex parte*, *in camera,* and sealed motion under CIPA Section 4 on May 18, 2026, and that motion remains pending. ECF No. 108.

The charges in this case resulted from an investigation by the Federal Bureau of Investigation ("FBI") that spanned over months and involved the Defendants and a number of co-conspirators and associates. The Government's evidence in this case is complex and voluminous, as described in the parties' stipulation and this Court's December 15, 2025, Order.

As a result, the Court finds that the case is so unusual and complex, due to the number of defendants, the nature of the prosecutions, and other factors, that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits otherwise established by the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(7)(B)(ii), and that failure to grant the parties' requested continuance would unreasonably deny counsel for the Defendants and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(iv).

**IT IS THEREFORED ORDERED** that the time until May 4,

2027, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendants in a speedy trial.

**IT IS FURTHER ORDERED** that trial and the other pretrial deadlines set in ECF No. 60 are adjourned and reset as follows, as stipulated by the parties:

- All substantive motions due – December 31, 2026
- Plea Cut-Off – March 2, 2027
- Final Pretrial Conference and *Lafler* hearing – March 2, 2027, at 9:00 a.m.
- *Motions in limine* due – March 4, 2027
- Trial – May 4, 2027, at 8:30 a.m.

**SO ORDERED.**

Dated: August 21, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge